# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 30, 2021

Lyle W. Cayce
Clerk

No. 20-60307

Alfonso Guadiana,

*Plaintiff—Appellant*,

*versus*

Jacqueline Banks, *in her individual and official capacity*; Ronald Woodall, *in his individual and official capacity*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:18-CV-121

Before Higginbotham, Smith, and Oldham, *Circuit Judges*.
Per Curiam:*

Alfonso Guadiana, Mississippi prisoner # 155266, moves for leave to proceed in forma pauperis (IFP) on appeal from the summary judgment dismissal of his 42 U.S.C. § 1983 suit where he sought damages against a physician and a former warden of the South Mississippi Correctional

---

* Pursuant to 5TH Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH Circuit Rule 47.5.4.

No. 20-60307

Institution.  Guadiana alleged deliberate indifference to his serious medical needs by the defendants in violation of the Eighth Amendment, claiming that the defendants provided inadequate medical care for his hearing loss and specifically noting that the defendants did not provide him with surgery to fix his hearing loss.

By moving to proceed IFP, Guadiana challenges the district court's certification pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3) that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  The inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

In his brief before this court, Guadiana argues that the defendants prolonged a delay in medical treatment to outside medical care for his hearing loss.  He now contends that the defendants were aware that the prison facility did not have the equipment necessary to diagnose his condition and that they delayed his treatment at outside clinics for a few months and caused him to miss an outside appointment.  However, Guadiana did not make this claim before the district court, but rather raised an allegation that the defendants provided him with inadequate medical care that was focused on the contention that he had yet to receive corrective surgery that was allegedly recommended by a prison doctor.  We generally do not consider new claims raised for the first time on appeal.  *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *see Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).  Although briefs of pro se appellants are afforded liberal construction, Guadiana raises an entirely new claim against the defendants.  *See Yohey*, 985 F.2d at 225.  Because Guadiana raises this claim against the defendants for

No. 20-60307

the first time on appeal, we will not consider it. *See id.; see also Leverette*, 183 F.3d at 342.

This appeal lacks arguable merit and is, therefore, frivolous. *See Howard*, 707 F.2d at 220. Guadiana's motion to proceed IFP is DENIED, and we DISMISS his appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015). Guadiana is WARNED that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).